UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tristano Korlou, | : |
|              Plaintiff, | : Civil Action No.: 3:13-cv-00717 |
| v. | : |
| | : COMPLAINT |
| Financial Management Systems, Inc.; and DOES 1-10, inclusive, | : |
| | : May 17, 2013 |
|              Defendants. | : |

For this Complaint, the Plaintiff, Tristano Korlou, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tristano Korlou ("Plaintiff"), is an adult individual residing in Farmington, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Financial Management Systems, Inc. ("FMS"), is an Illinois

business entity with an address of 1701 Golf Road, Rolling Meadows, Illinois 60008, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FMS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FMS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $200,000.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to FMS for collection, or FMS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>FMS Engages in Harassment and Abusive Tactics</u>

12. In April 2013, Defendants contacted Plaintiff at his work telephone in an attempt to collect the Debt stemming from an outstanding student loan.

**13.    During the initial communication, Defendants failed to properly identify themselves when speaking to Plaintiff and failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.**

**14.    Plaintiff informed Defendants that the work number Defendants dialed was a private telephone line reserved for Plaintiff's clients only and instructed Defendants to cease calls to the work telephone.**

**15.    Despite the foregoing, Defendants placed another calls to Plaintiff's work shortly thereafter.**

**16.    Not satisfied with harassing Plaintiff at work, on May 1, 2013, Defendants contacted Plaintiff's mother Carmela Korlou, who is co-debtor, and demanded that she pay the Debt.**

**17.    Defendants falsely threatened to file a lawsuit against both Plaintiff and Ms. Korlou if they failed to pay the Debt. No such action has been commenced to date.**

**18.    Furthermore, Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.**

   C.  <u>Plaintiff Suffered Actual Damages</u>

**19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.**

**20.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger,**

anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

37. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

38. The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

41. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

44. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

45. The Plaintiff is entitled to damages as a result of the Defendants'

violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: May 17, 2013**

**Respectfully submitted,**

**By  /s/ *Sergei Lemberg***

**Sergei Lemberg, Esq.**
**LEMBERG & ASSOCIATES L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**